SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ,
RESIDENT JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5263

August 7, 2023

Unique Smith
SBI #00792804
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re: *State of Delaware v. Unique Smith,* Def. ID No. 2009007545
     Rule 61 Motion for Postconviction Relief
     Motion for Appointment of Postconviction Counsel

Dear Mr. Smith:

On October 6, 2021, after a colloquy with me, you entered a guilty plea to charges of Manslaughter and Possession of a Firearm During the Commission of a Felony ("PFDCF"). On November 29, 2021, I sentenced you to 25 years at Level 5 for the Manslaughter offense, suspended after 12 years for decreasing levels of supervision, and 25 years at Level 5 for the PFDCF offense, suspended after 10 years for decreasing levels of supervision.

On February 17, 2022, you timely filed a Motion for Reduction of Sentence (the "Sentence Motion") under Superior Court Criminal Rule 35(b), asking that I

reduce your Level 5 time to between 8 and 12 years. On April 18, 2002, I denied this Sentence Motion, and the Delaware Supreme Court affirmed my decision on March 1, 2023.

On July 24, 2023, you filed your first *pro se* Motion for Postconviction Relief (the "Motion") with me under Delaware Superior Court Criminal Rule 61. In the Motion, you make certain allegations about ineffective assistance of counsel with respect to your representation by Benjamin S. Gifford, IV, Esquire ("Trial Counsel"), namely that he didn't advise you that the video footage of the crime was inconclusive, thereby creating a strong inference that you are actually innocent in fact of the acts underlying the charges to which you pled guilty.

On July 26, 2023, you filed a Motion for Appointment of Postconviction Counsel (the "PCC Motion") in connection with the Motion.

A threshold issue is whether the Motion is barred under one or more of the four (4) procedural bars of Rule 61.[1] If a procedural bar exists, as a general rule I will not address the merits of the Motion.[2] The Motion can be barred for time

---

[1] *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State,* 580 A.2d 552, 554 (Del. 1990)).

[2] *Bradley v. State*, 135 A.3d 748 (Del 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).

limitations, successive motions, failure to raise claims below, or former adjudication.[3]

First, a Motion exceeds time limitations if it is filed more than one (1) year after the conviction becomes final.[4] In this case, your conviction became final thirty (30) days after  sentencing,[5] or December 29, 2021. Since your Motion was filed much more than year after that date, it is barred by the one-year limitation.

Second, second or subsequent motions are not permitted unless certain conditions are satisfied.[6] Since this is your first Motion, consideration of the Motion is not barred by this provision.

Third, grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless certain conditions are satisfied.[7] You do not assert new claims which were not raised at trial. Therefore, consideration of the Motion is not barred for "matters not asserted" below.

Fourth, grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal *habeas corpus* hearing" are barred.[8] Your claim pertains

---

[3] Super. Ct. Crim. R. 61(i).
[4] Super. Ct. Crim. R. 61(m)(1).
[5] Super. Ct. Crim. R. 61(i)(1).
[6] Super. Ct. Crim. R. 61(i)(2).
[7] Super. Ct. Crim. R. 61(i)(3).
[8] Super. Ct. Crim. R. 61(i)(4).

to the alleged ineffective assistance of counsel. It is well-settled Delaware law that, as collateral claims, ineffective assistance of counsel claims are properly raised for the first time in postconviction proceedings.[9] Thus, this bar would not apply.

The one-year bar does not apply, however, if the Motion "pleads with particularity that new evidence exists that creates a strong inference that that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted."[10] Your claim of ineffective assistance of counsel relates to this exception, and I discuss it more fully below.

With respect to your PCC Motion, since you entered a guilty plea, Rule 61 provides that I may appoint postconviction counsel for you only if I determine that: (i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel.[11] In this case, and as

---

[9] *State v. Schofield*, 2019 WL 103862, at *2 (Del. Super. January 3, 2019); *Thelemarque v. State*, 2016 WL 556631, at *3 (Del. Feb. 11, 2016) ("[T]his Court will not review claims of ineffective assistance of counsel for the first time on direct appeal."); *Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013) ("It is well-settled that this Court will not consider a claim of ineffective assistance that is raised for the first time in a direct appeal.").
[10] Super. Ct. Crim. R. 61(i)(5), referring to Super. Ct. Crim. R. 61(d)(2)(i).
[11] Super. Ct. Crim. R. 61(e)(3).

discussed more fully below, I do not find that the Motion sets forth a substantial claim that you received ineffective assistance of counsel in relation to your plea of guilty, nor do I find specific exceptional circumstances. Moreover, none of the other grounds for appointment of postconviction counsel apply. I therefore deny your PCC Motion.

With respect to the central claim of your Motion, you assert that the video footage of the crime was inconclusive, that Trial Counsel kept that fact from you, that you only learned about the inconclusive video footage during the pendency of your Sentence Motion, and that had you known about the inconclusive video footage you might not have pled guilty. Rule 61 requires that your Motion plead **with particularity** that **new evidence** exists that creates a strong inference that you are actually innocent in fact of the acts underlying the charges to which you pled guilty (emphasis supplied). You do not plead this with particularity. Rather, you make conclusory generalizations and speculation about the video footage without any specific evidence, ignoring the other evidence against you. Nor is this evidence "new" – the video has been a central piece of evidence since the beginning of your case. It follows *a fortiori* that Trial Counsel cannot be ineffective for "keeping the video from you," when all parties were aware of the video and the video's contents.

For these reasons, the "new evidence" exception does not apply, and your Motion is barred by the one-year limitation.

Your Motion is therefore **DENIED**.

Very truly yours,

/s/ Craig A. Karsnitz

cc:    Prothonotary's Office
       Michael Tipton, Esquire, Deputy Attorney General